IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WEST MOTOR FREIGHT OF          :
PENNSYLVANIA,
    Plaintiff                 :
                                  :
    vs.                        :    CIVIL NO. 1:CV-06-1062
                                  :
K-MART CORPORATION,            :
CLAUDE COELHO,
    Defendants                :

*M E M O R A N D U M*

I.    *Introduction.*

    Invoking our diversity jurisdiction, plaintiff, West Motor Freight of Pennsylvania, filed this action against defendants, Kmart Corporation[1] and Claude Coelho.  It seeks a declaratory judgment that West Motor Freight does not have to indemnify Kmart for any damages Coelho may recover against Kmart in a personal-injury action Coelho has pending against Kmart in a New Hampshire state court.

    We are considering Kmart's motion to dismiss on the ground that the issue can be litigated in the New Hampshire state-court action so that we should exercise the discretion we have under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, not to entertain this case.  In the alternative, Kmart argues the complaint has no merit.

---

    [1] Plaintiff spells defendant's name "K-Mart."  Defendant spells its name "Kmart."  We will use Defendant's spelling.

We will decline to exercise our jurisdiction and hence will dismiss this action

II.  *Background*.

West Motor Freight, a Pennsylvania corporation, has a contract with Kmart to transport Kmart merchandise.  Coelho, a resident of new Hampshire, works for West Motor Freight as a tractor-trailer driver.  In or about October 2005, Coehlo filed suit against Kmart in the Superior Court of Merrimack County, New Hampshire, alleging that he suffered severe and disabling personal injuries in December 2003 when merchandise fell on him while he was unloading a trailer.  Coelho alleged the injuries were caused by the negligence of the Kmart employees who had loaded the trailer.  (According to Coehlo's pleading, Kmart employees at the Kmart distribution center are responsible for loading trailers, and drivers unload them at the destination, a Kmart store.)

The instant action was filed on May 23, 2006. Plaintiff, West Motor Freight, invokes our diversity jurisdiction, alleging that it is a Pennsylvania corporation with its principal place of business in Pennsylvania, defendant Kmart has its principal office in Michigan, and defendant Coelho is a resident of New Hampshire.  The complaint further alleges that West Motor Freight and defendant Kmart entered into a written transportation agreement for Plaintiff to provide Kmart with transportation services, that Coelho has filed suit against Kmart seeking

recovery for his injuries, that "K-Mart has created a dispute with" Plaintiff "by claiming that" the transportation agreement requires Plaintiff to indemnify Kmart and that the agreement imposes no such requirement. (Compl. ¶ 10.) Accordingly, Plaintiff seeks a declaratory judgment that West Motor Freight "does not have to indemnify K-Mart for any lawsuit brought by Claude Coelho." (*Id.*, fourth page.)

In its motion to dismiss, defendant Kmart represents, undisputed by Plaintiff, that "[o]n June 5, 2006," the New Hampshire state court "granted Kmart's Motion to Add Third-Party Defendant West Motor Freight of Pennsylvania. In that action, Kmart seeks a ruling that West has a duty to defend and hold Kmart harmless in the personal injury action brought by Coelho." (Doc. 4, ¶ 13.)

III. *Discussion*.

Since the issue West Motor Freight presents here is the same issue Defendant Kmart seeks to litigate in the state-court action, Kmart asks that we decline to exercise our authority to entertain this declaratory-judgment action.

We have diversity jurisdiction and normally would be required to exercise it, but, as the Third Circuit noted in *State Auto. Ins. Companies v. Summy*, 234 F.3d 131, 133 (3d Cir. 2000), the Declaratory Judgment Act provides that a federal court "*may* declare the rights . . . of any interested party, 28 U.S.C. §

3

2201(a)(emphasis added), so the exercise of jurisdiction under the act is discretionary. *Id.* Without intending it to be an exhaustive list, we note that discretion can be exercised to decline jurisdiction when the following factors are present: first, when another suit is pending in a state court on the same issue and the issue is not governed by federal law, *Summy, supra*, 234 F.3d at 133 (quoting *Brillhart v. Excess Insurance Co.*, 316 U.S. 491, 495, 62 S.Ct. 1173, 1175-76, 86 L.Ed. 1620, 1625 (1942)); second, when the scope of the state-court proceedings are such that the claims of all parties, including defenses, can be adequately adjudicated there, *id.* at 133 (quoting *Brillhart, supra,* 316 U.S. at 495, 62 S.Ct. at 1175, 86 L.Ed. at 1625); third, when the state law involved is close or unsettled, *Summy, supra*, 234 F.3d at 135; fourth, when declining jurisdiction avoids "duplicative and piecemeal litigation," *id.;* and fifth, when declining jurisdiction prevents a declaratory-judgment action from being used as a method of procedural fencing. *Terra Nova Ins. Co. v. 900 Bar, Inc.*, 887 F.2d 1213, 1225 (3d Cir. 1989).[2]

---

[2] The Third Circuit has noted some other factors:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
> (2) the convenience of the parties;
> (3) the public interest in settlement of the uncertainty of obligation; and
> (4) the availability and relative convenience of other remedies.

*United States v. Commonwealth of Pennsylvania, Dep't of Envtl.*

In moving to dismiss, Kmart relies on some of the factors listed above. Defendant argues that the same issue is present in the state-court action and can be adjudicated there since the New Hampshire state court has allowed Kmart to bring West Motor Freight in as a third-party defendant to litigate whether the transportation agreement requires West Motor Freight to indemnify Kmart and that no federal law or interests are being litigated here, only an issue of state law, whether Pennsylvania law or Michigan law.[3] Kmart also argues that exercising our jurisdiction would result in duplicative litigation since the indemnity claim is intertwined with Coelho's personal-injury action and that dismissing the action would prevent West Motor Freight from engaging in procedural fencing.

In opposing the motion, among other things, Plaintiff argues that the test should be "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court," quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S.Ct. 2137, 2140, 132 L.Ed.2d 214, 220-21 (1995)(quoting *Brillhart, supra*, 316 U.S. at 495, 62 S.Ct. at 1175-76, 86 L.Ed. at 1625). In this light, Plaintiff contends that the issues cannot be better settled

---

*Res.*, 923 F.2d 1071, 1075 (3d Cir. 1991).

[3] The transportation agreement provides that Michigan law controls, but Kmart recognizes that it could be argued that the choice of law should be Pennsylvania.

5

in New Hampshire, but rather in this court, because the indemnity claim does not involve New Hampshire law but Pennsylvania law. Plaintiff contends that, even if Michigan law controls, the state court would be in no better position. In any event, the law of both Pennsylvania and Michigan is well settled in regard to the indemnity claim. Plaintiff also argues that the indemnity claim is not intertwined with the personal-injury claim because Coelho's claim against Kmart can proceed without resolving Kmart's claim against West Motor Freight for payment of any damages Kmart might be liable for.

We agree with Defendant's position that we should decline to exercise jurisdiction here. We find three factors decisive. First, there is a parallel state proceeding in New Hampshire where the controversy between West Motor Freight and Kmart can be fully litigated. We do not think it is significant that New Hampshire law is not involved, or that the typical situation involves sending the parties to a state court that can resolve an unsettled issue of the law of that state, *see e.g., Summy, supra;* it is only important that a state forum is available. Second, the instant case presents no federal claims, only an issue governed by state law, although at this time the parties dispute the state law that controls. *See ITT Indus., Inc. v. Pacific Employers Ins. Co.*, 427 F. Supp. 2d 552, 562 (E.D. Pa. 2006)(no compelling reason for a district court to exercise declaratory-judgment jurisdiction when, in part, no federal issues

involved).  Third, declining to exercise jurisdiction avoids duplicative litigation.

       We will issue an appropriate order.

                                                /s/William W. Caldwell  
                                                William W. Caldwell  
                                                United States District Judge

Date: August 15, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WEST MOTOR FREIGHT OF      :
PENNSYLVANIA,
    Plaintiff           :

                       :
    vs.                         CIVIL NO. 1:CV-06-1062
                       :

K-MART CORPORATION,        :
CLAUDE COELHO,
    Defendants          :

*O R D E R*

AND NOW, this 15th day of August, 2006, it is ordered that:

    1.  The motion (doc. 11) of plaintiff, West Motor freight, to file a surreply brief is granted.

    2.  Defendant, Kmart Corporation's, motion (doc. 4) to dismiss is granted.

    3.  This action is dismissed.

    4.  The Clerk of Court shall close this file.

                      /s/William W. Caldwell
                      William W. Caldwell
                      United States District Judge